# EXHIBIT A

LEGAL FILE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corporation,

                       Plaintiff,

   -against-

WILLIE E. GARY, a resident of Florida,
GARY, WILLIAMS, FINNEY, LEWIS, WATSON
& SPERANDO, P.L., a Florida corporation,
GARY 737 LLC, a Florida limited liability
company, and SUSSMAN & WATKINS,
a New York partnership,
                       Defendants.
-----------------------------------------------------------x

Civil Action No. 11-cv-3671 (VM)

**AMENDED COMPLAINT**



Plaintiff General Electric Capital Corporation ("GE Capital"), by its counsel, Reed Smith LLP, alleges for its amended complaint against defendants Willie E. Gary ("Willie Gary"), Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. (the "Gary Firm"), Gary 737 LLC ("Gary 737"), and Sussman & Watkins (the "Sussman Firm"), as follows:

### PARTIES

1.    GE Capital is a Delaware corporation with its principal place of business located in Stamford, Connecticut, and is engaged in the business of, *inter alia*, supplying financing for private aircraft sales and leases.

2.    Gary 737 is a Florida limited liability company with its principal place of business located in Stuart, Florida, and was created for the purpose of operating the Aircraft (as defined hereinafter).

3.    Willie Gary is an individual residing at 36 Rio Vista Drive in Stuart, Florida. Willie Gary is a member of Gary 737, and is guarantor of the Loan (as defined hereinafter).


EXHIBIT A
PAGE 3

Case 2:11-cv-09988-PSG-PJW   Document 104-3   Filed 12/16/11   Page 3 of 12   Page ID
#:1689
Case 1:11-cv-03671-VM   Document 3   Filed 06/01/11   Page 2 of 11

Willie Gary owns a 99% percent interest in Gary 737 and his wife, Gloria R. Gary, who also resides at 36 Rio Vista Drive in Stuart, Florida, owns the remaining 1% interest in Gary 737.

4. The Gary Firm is a Florida corporation and private law firm with its principal place of business located in Stuart, Florida.

5. Upon information and belief, the Sussman Firm is a partnership and private law firm with its principal place of business located in Goshen, New York. The only partners of the Sussman Firm, Michael H. Sussman and Christopher D. Watkins, each are residents of New York.

## JURISDICTION AND VENUE

6. This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that GE Capital, on the one hand, and each of Willie Gary, the Gary Firm, Gary 737, and the Sussman Firm, on the other hand, are of diverse citizenship, and the matter in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this Court pursuant to the terms of the underlying loan agreements, which provide for the exclusive jurisdiction of the state and federal courts located in the state of New York to hear and determine any suit, action, or proceeding, and to settle any disputes which may arise out of or in connection with the underlying loan agreements. Venue also is proper in this Court in that the money GE Capital seeks to recover is and/or will soon be located in this District.

## FACTS

7. On or about July 31, 2000, CIT, as lender and secured party, loaned $9,367,460.00 to Boeing 22620 Holdings Inc. (the "Loan"), as borrower and debtor, for the purchase of a 1981 Boeing 737-200 aircraft, model 737-2H6, bearing Serial Number 22620 and FAA Registration Number N22620, together with two (2) Pratt & Whitney model JT8D-15

EXHIBIT A
PAGE 4

Case 2:11-cv-09988-PSG-PJW   Document 104-3   Filed 12/16/11   Page 4 of 12   Page ID
 #:1690
Case 1:11-cv-03671-VM   Document 3   Filed 06/01/11   Page 3 of 11

engines bearing Serial Numbers P688609B and P686343B and all parts and records relating thereto (the "Aircraft").

8. GE Capital is successor-in-interest to the rights and obligations of CIT under the agreements governing the Loan. Gary 737 is the successor-in-interest to Boeing 22620's rights and obligations under the agreements governing the Loan. Further, Willie Gary executed an individual guaranty which provides, among other things, that he will jointly, severally and unconditionally guaranty Gary 737's obligations under the agreements governing the Loan.

9. On or about May 29, 2009, GE Capital, Gary 737, and the Gary Firm entered into an Amended and Restated Secured Term Loan Promissory Note (the "Amended Note") with respect to the debt documents described therein. A true and correct copy of the Amended Note is attached hereto as Exhibit A.

10. On or about March 31, 2010, GE Capital, Gary 737, the Gary Firm, and Willie E. Gary entered into a 2010 Modification Agreement (the "Modification Agreement") with respect to the Amended Note and the debt documents described therein. A true and correct copy of the Modification Agreement is attached hereto as Exhibit B.

11. The Amended Note and the Modification Agreement (collectively, the "Agreements") provide, among other things, that upon settlement or award of a judgment to clients of the Gary Firm in the matter known as <u>Merton D. Simpson, et al. v. New York State Dep't of Civ. Servcs., et al.</u>, pending in the United States District Court for the Northern District of New York, Case No. 1:04-CV-1182 (the "NY Lawsuit"), and payment of fees to the Gary Firm related thereto, Gary 737 will make a principal payment to GE Capital equal to the lesser of: (a) $1,000,000 or (b) the net fees received by the Gary Firm in connection therewith (the "NY Lawsuit Payment Obligation").

12. On or about August 4, 2009, GE Capital perfected its security interest in the NY Lawsuit Payment Obligation by filing a UCC financing statement with the Florida Secured Transaction Registry.

13. On or about April 25, 2011, the Northern District of New York issued an Order in the NY Lawsuit (the "April 25 Order") approving a Stipulation of Settlement. A true and correct copy of the April 25 Order is attached hereto as Exhibit C.

14. Paragraph 9 of the April 25 Order provides, in relevant part, as follows:

> Within thirty (30) calendar days from the date of this Order [i.e., by May 25, 2011], the defendants [to the NY Lawsuit] shall tender to Sussman & Watkins, a check for $3,421,813.93 representing one quarter of the attorneys' fees ($2,812,500), one quarter of the incentive award for class representatives ($192,500), and the costs incurred to date by plaintiffs' counsel ($416,813.93), as set forth in Attachment A hereto.

April 25 Order ¶ 9, Exh. C.

15. The Sussman Firm is co-counsel to the Gary Firm with respect to representation of the plaintiffs in the NY Lawsuit. Of the amounts payable to the Sussman Firm pursuant to the April 25 Order, an amount well in excess of $1,000,000 has been or will become payable to the Gary Firm.

16. In or about March 2011, Willie Gary, Gary 737, and the Gary Firm (collectively referred to from time to time hereinafter as the "Debtor Parties") anticipatorily breached the Agreements by unequivocally stating to GE Capital that they do not intend to honor the NY Lawsuit Payment Obligation. Instead, the Debtor Parties stated to GE Capital that they intend to "pro rate" the monies received from the NY Lawsuit amongst Willie Gary's numerous creditors resulting in GE Capital not receiving the $1,000,000 payment to which it is entitled pursuant to the NY Lawsuit Payment Obligation.

EXHIBIT A
PAGE 6

17. On May 13, 2011, GE Capital, through its attorneys, sent a Direction for Payment to the Sussman Firm pursuant to the Uniform Commercial Code as enacted in the State of New York (N.Y. UCC § 9-607(a)(1)) (the "9-607 Letter"). A true and correct copy of the 9-607 Letter is attached hereto as Exhibit D.

18. By the 9-607 Letter, GE Capital directed the Sussman Firm to make payment to GE Capital, as secured party for the Gary Firm, in the amount of the lesser of (i) $1,000,000 or (ii) the net fees received by the Gary Firm in connection with the NY Lawsuit pursuant to the April 25 Order. GE Capital requested that the Sussman Firm acknowledge its obligation to GE Capital, as secured party, by signing and returning a copy of the 9-607 Letter.

19. Michael Sussman, Esq. of the Sussman Firm responded to the 9-607 Letter by requesting copies of the documents on which GE Capital's claim is based, and stating that he could not honor the 9-607 Letter absent proof of the validity of GE Capital's secured claim.

20. GE Capital promptly provided Mr. Sussman with copies of (1) the Amended Note; (2) the Modification Agreement; and (3) a copy of GE Capital's UCC Financing Statement filed with the State of Florida.

21. Mr. Sussman responded to GE Capital, stating that he believes GE Capital to not be the only secured creditor with respect to the amounts to be received by the Gary Firm pursuant to the April 25 Order, and that GE Capital's claim to the NY Lawsuit Payment Obligation allegedly is inferior to that of another claimant. The import of Mr. Sussman's claim is unclear, since Official Comment 5 to N.Y. UCC § 9-607(a)(1) states that the mere existence of a senior security, without a competing notice, does not defeat a notice from a junior secured party.

22. Nevertheless, in light of Mr. Sussman's response, GE Capital requested that Mr. Sussman provide GE Capital with information concerning the alleged superior secured creditor. Further, in light of Mr. Sussman's allegation that another secured creditor purportedly possesses an interest in the proceeds to be allocated to the Gary Firm from the NY Lawsuit, GE Capital demanded that Mr. Sussman agree to hold <u>all</u> amounts payable to the Gary Firm in escrow pending resolution of the allegedly competing claims.

23. Despite repeated requests by GE Capital, Mr. Sussman on behalf of the Sussman Firm refuses to provide GE Capital with any documents supporting the claimed existence of a superior secured creditor, and continues to refuse to confirm that all proceeds to be allocated to the Gary Firm from the NY Lawsuit will be held in escrow pending resolution of the allegedly competing claims.

### FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT
(Against the Sussman Firm)

24. GE Capital repeats and expressly incorporates each and every of the above paragraphs as if fully set forth herein.

25. Pursuant to the Agreements, the Debtor Parties granted GE Capital a security interest in the net attorneys' fees payable to the Gary Firm in connection with the NY Lawsuit in the amount of the lesser of (a) $1,000,000 or (b) the net fees received by the Gary Firm in connection therewith.

26. GE Capital perfected its security interest in the NY Lawsuit Payment Obligation by filing a UCC financing statement with the Florida Secured Transaction Registry on August 4, 2009.


EXHIBIT A
PAGE 8

27. Pursuant to the April 25 Order, the Sussman Firm has received or imminently will receive certain proceeds from the settlement of the NY Lawsuit, and certain amounts from those proceeds constitute attorneys' fees payable to the Gary Firm.

28. The Sussman Firm has refused to acknowledge its obligation to pay GE Capital pursuant to the NY Lawsuit Payment Obligation, and the Debtor Parties have repudiated their obligation to pay GE Capital pursuant to the NY Lawsuit Payment Obligation.

29. An actual, substantial, and *bona fide* controversy exists concerning the NY Lawsuit Payment Obligation of sufficient immediacy and reality to warrant the rendering of a declaratory judgment.

30. The rights of the parties to this controversy can be finally determined by a declaratory judgment of this Court. Additionally, a declaratory judgment would serve the useful purpose of settling this controversy in that the rights of the parties hereto will be finally established and not then form the basis for future or further litigation.

31. The equities require that GE Capital have a determination of these issues.

### SECOND CAUSE OF ACTION: INJUNCTION
(Against the Sussman Firm)

32. GE Capital repeats and expressly incorporates each and every of the above paragraphs as if fully set forth herein.

33. The Sussman Firm has received or will imminently receive certain proceeds from the settlement of the NY Lawsuit.

34. GE Capital has a perfected security interest in the NY Lawsuit Payment Obligation, equal to the lesser of the following amount payable to the Gary Firm from the proceeds of the NY Lawsuit: (a) $1,000,000 or (b) the net fees received by the Gary Firm in connection therewith.

EXHIBIT A
PAGE 9

Case 2:11-cv-09988-PSG-PJW   Document 104-3   Filed 12/16/11   Page 9 of 12   Page ID
#:1695
Case 1:11-cv-03671-VM   Document 3   Filed 06/01/11   Page 8 of 11

35. GE Capital is highly likely to succeed on the merits of its claims against the Debtor Parties because this dispute concerns rights and obligations under unambiguous agreements, and GE Capital's right to payment pursuant to the NY Lawsuit Payment Obligation is unassailable.

36. Absent injunctive relief, GE Capital will be irreparably harmed because the specific monies in which GE Capital has a perfected security interest – i.e., the NY Lawsuit Payment Obligation – will be rendered unrecoverable because, among other reasons: (i) the Sussman Firm has refused to acknowledge its obligations to GE Capital as secured creditor pursuant to the 9-607 Letter; (ii) the Sussman Firm has alleged the existence of another secured creditor with an allegedly superior interest in the NY Lawsuit Payment Obligation; and (iii) the Gary Firm is located in Florida and the Debtor Parties have unequivocally stated their intention to distribute the proceeds received from the settlement of the NY Lawsuit *pro rata* amongst Willie Gary's various creditors.

37. Moreover, the equities strongly favor injunctive relief in favor of GE Capital as the Sussman Firm will suffer no harm by an Order compelling it to retain all proceeds payable to the Gary Firm pursuant to the NY Lawsuit's settlement in an escrow account pending resolution of the allegedly competing secured creditors' claims.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT
(Against Willie Gary, the Gary Firm, and Gary 737)

38. GE Capital repeats and expressly incorporates each and every of the above paragraphs as if fully set forth herein.

39. The Agreements are valid and binding contracts.

40. GE Capital has performed each and every of its obligations under the Agreements.

- 8 -

41. GE Capital has a specific, perfected security interest in the NY Lawsuit Payment Obligation, such obligation having been created pursuant to the Agreements.

42. The Debtor Parties anticipatorily breached the Agreements by, among other ways, stating entirely, absolutely, and unequivocally that they do not intend to honor the NY Lawsuit Payment Obligation and instead intend to distribute the proceeds received by the Gary Firm from the settlement of the NY Lawsuit *pro rata* amongst Willie Gary's various creditors.

43. The Agreements provide that the Debtor Parties are liable for all reasonably necessary costs and expenses incurred by GE Capital in connection with the enforcement and/or exercise of its rights under the Agreements, including but not limited to, the costs and expenses of this lawsuit and all of GE Capital's attorneys' fees.

44. Accordingly, as a result of the Debtor Parties' anticipatory breach of the Agreements, GE Capital has suffered damages in an amount to be determined at trial, but not less than $1,000.000 plus pre- and post-judgment interest, along with GE Capital's costs, expenses and attorneys' fees.

### FOURTH CAUSE OF ACTION: BREACH OF CONTRACT
(Against Gary 737 and Willie Gary)

45. GE Capital repeats and expressly incorporates each and every of the above paragraphs as if fully set forth herein.

46. Gary 737 is in default under the Agreements and the debt documents described therein for failure to pay the amounts due and owing there under.

47. Specifically, Gary 737 has failed to pay the amounts due and owing under the Agreements and debt documents described therein, as demanded.

48. On May 12, 2011, GE Capital sent to Gary 737 and Willie Gary a notice notifying them of their defaults under the Agreements and the debt documents described therein and Willie Gary's guaranty of same. A true and correct copy of this notice is attached hereto as Exhibit E.

49. Gary 737 and Willie Gary have failed to respond to the above-referenced notice.

WHEREFORE, GE Capital hereby prays for judgment as follows:

1. On the First Cause of Action, a judgment declaring and adjudging that the Sussman Firm is required to pay directly to GE Capital from the Gary Firm's proceeds of the NY Lawsuit the lesser of: (a) $1,000,000 or (b) the net fees received by the Gary Firm in connection therewith.

2. On the Second Cause of Action, an Order enjoining the Sussman Firm from distributing, converting or otherwise disbursing to the Gary Firm or any other person or entity any proceeds from the settlement of the NY Lawsuit, and directing the Sussman Firm to hold in escrow all proceeds payable to the Gary Firm.

3. On the Third Cause of Action, judgment against the Debtor Parties in an amount to be determined at or prior to trial, but not less than $1,000,000 from the proceeds of the NY Lawsuit, plus pre- and post-judgment interest, along with GE Capital's costs, expenses and attorneys' fees.

Case 2:11-cv-09988-PSG-PJW   Document 104-3   Filed 12/16/11   Page 12 of 12   Page ID
                                         #:1698
Case 1:11-cv-03671-VM   Document 3   Filed 06/01/11   Page 11 of 11

4.  On the Fourth Cause of Action, judgment against Gary 737 and Willie Gary, jointly and severally, in an amount equal to the amount due under the Agreements and the debt documents described therein and Willie Gary's guaranty of same, said amount to be determined at or prior to trial, plus pre- and post-judgment interest, along with GE Capital's costs, expenses and attorneys' fees.

Dated: June 1, 2011
       New York, New York

By: _____
David A. Kochman
Joshua B. Urist
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Tel: 212.521.5400
Fax: 212.521.5450

*Attorneys for Plaintiff*
*General Electric Capital Corporation*